FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 JAN 29  PM 12: 05

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BY_____

| | | |
|---|---|---|
| **GLINDA F. HARRIS** | ) | |
| 7306 Prince George Road | ) | |
| Pikesville, Maryland 21207 | ) | Case No. **RDB 13 CV 0259** |
| *Plaintiff* | ) | |
| vs | ) | |
| **NCO FINANCIAL SYSTEMS** | ) | |
| 507 Prudential Road | ) | |
| Horsham, Pennsylvania 19044 | ) | Judge _____ |
| *Defendant* | ) | |
| | ) | **Trial by Jury Demanded** |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. § 1331.

2. All conditions precedent to the brining of this action has been performed, waived or executed.

### PARTIES

3. The Plaintiff in this lawsuit is Glinda F. Harris (hereinafter "Plaintiff"), a natural person, who resides in Baltimore, Maryland.

4. Upon information and belief Defendant in this lawsuit is NCO FINANCIAL SYSTEMS, INC. (hereinafter "NCO") an unknown entity with offices at 507 Prudential Road, Horsham, PA 19044.

### VENUE

5. The occurrences which give rise to this action occurred in Baltimore, Maryland and Plaintiff resides in Baltimore, Maryland.

6. Venue is proper in the District Court of Maryland.

## GENERAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff found after examination of her Experian consumer credit reports that Defendant NCO had obtained Plaintiff's consumer credit report on January 17, 2010.

9. Plaintiff found after examination of her Trans Union consumer credit report that Defendant NCO had obtained Plaintiff's consumer credit report on two different occasions; May 20, 2010 and December 2, 2010.

10. Discovery of violations brought forth herein occurred in January 2012 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

13. Experian is credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

Complaint for Violations of FCRA
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

2

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes an application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant NCO.

18. In January 2010 defendant obtained the Experian consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

19. Plaintiff sent notice to NCO of their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff engaged in settlement discussions with counsel representing NCO but failed to reach an acceptable agreement regarding damages to be paid to Plaintiff.

20. At no time did Plaintiff give her consent for NCO to acquire her consumer credit report from any credit reporting agency.

21. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

22. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

Complaint for Violations of FCRA
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

3

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant NCO for statutory damages of $1,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### Count II

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

23. Paragraphs 1 through 22 are re-alleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

25. Trans Union is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

26. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

27. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

28. Defendant obtained Plaintiff's consumer credit report in May 2010 and a <u>second time</u> in December 2010 from Trans Union with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

30. At no time did Plaintiff give her consent for NCO to acquire her consumer credit report from any credit reporting agency.

31. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

Complaint for Violations of FCRA
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

4

32. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant NCO for statutory damages of $2,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Date: 1/29/2013

Respectfully submitted

Glinda F. Harris
2221 Cedley Street
Baltimore, Maryland 21230
(443) 324-7977
glindaharris6@gmail.com

Service To:

NCO Financial Systems, Inc.

C/o The Corporation Trust Incorporated

351 West Camden Street

Baltimore, Maryland 21201

Complaint for Violations of FCRA
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

5