IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GLINDA F. HARRIS,<br><br>                Plaintiff,<br>v.<br><br>NCO FINANCIAL SYSTEMS,<br><br>                Defendant. | CASE NO. 1:13-cv-00259-RDB |

**DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S**
**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant NCO Financial Systems, Inc. ("NCO"), by and through its undersigned counsel, submits this, its Answer and Affirmative Defenses, in response to the Plaintiff's Complaint and states as follows:

**ANSWERS TO "JURISDICTION"**

1.      NCO admits the allegations in ¶ 1 of the Complaint for jurisdiction purposes only.

2.      NCO admits the allegations in ¶ 2 of the Complaint for jurisdiction purposes only.

**ANSWERS TO "PARTIES"**

3.      In response to the allegations in ¶ 3 of the Complaint, NCO admits that Plaintiff is a natural person. Except as specifically admitted, NCO denies the allegations in ¶ 3 for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

4.      In response to the allegations in ¶ 4 of the Complaint, NCO admits that it has offices at 507 Prudential Road, Horsham, PA 19044. Except as specifically admitted, NCO denies the allegations in ¶ 4.

## ANSWERS TO "VENUE"

5.      NCO denies the allegations in ¶ 5 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

6.      NCO admits the allegations in ¶ 2 of the Complaint for venue purposes only.

## ANSWERS TO "GENERAL ALLEGATIONS"

7.      NCO denies the allegations in ¶ 8 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

8.      NCO denies the allegations in ¶ 8 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

9.      NCO denies the allegations in ¶ 9 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

10.     To the extent that the allegations in ¶ 10 of the Complaint state factual allegations, NCO denies those allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof.  To the extent that the allegations in ¶ 10 state a legal conclusion, they require no answer of NCO.

## ANSWERS TO "Count I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL
## SYSTEMS, INC."

11.     In response to the allegations in ¶ 11 of the Complaint, NCO incorporates all and singular the foregoing answers, averments and defenses by reference thereto as if set forth fully at this point.

12. The allegations in ¶ 12 of the Complaint state a legal conclusion that requires no answer of NCO.

13. The allegations in ¶ 13 of the Complaint state a legal conclusion that requires no answer of NCO.

14. The allegations in ¶ 14 of the Complaint state a legal proposition that requires no answer of NCO.

15. The allegations in ¶ 15 of the Complaint state a legal conclusion and/or a legal proposition that requires no answer of NCO.

16. The allegations in ¶ 16 of the Complaint state a legal conclusion and/or a legal proposition that requires no answer of NCO.

17. NCO denies the allegations in ¶ 17 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

18. NCO denies the allegations in ¶ 18 of the Complaint as stated. By way of further answer, NCO avers, on the basis of its records, that in January 2010 NCO obtained plaintiff's credit report from Experian for a permissible purpose as defined by the U.S. Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

19. NCO denies the allegations in ¶ 19 of the Complaint as stated. By way of further answer, NCO avers, on the basis of its records: (a) that Plaintiff previously asserted to NCO that NCO had obtained Plaintiff's credit report without a permissible purpose for doing so; but (b) that NCO's records revealed to NCO that it had obtained plaintiff's credit report for a

permissible purpose as defined by the U.S. Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

20. NCO denies the allegations in ¶ 20 of the Complaint as stated for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

21. NCO denies the allegations in ¶ 21 of the Complaint.

22. To the extent that the allegations in ¶ 22 of the Complaint state factual allegations, NCO denies those allegations.  To the extent that the allegations in ¶ 22 state a legal proposition and/or a legal conclusion, they require no answer of NCO.

### ANSWERS TO "Count II
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS, INC."

23. In response to the allegations in ¶ 23 of the Complaint, NCO incorporates all and singular the foregoing answers, averments and defenses by reference thereto as if set forth fully at this point.

24. The allegations in ¶ 24 of the Complaint state a legal conclusion that requires no answer of NCO.

25. The allegations in ¶ 25 of the Complaint state a legal conclusion that requires no answer of NCO.

26. The allegations in ¶ 26 of the Complaint state a legal proposition that requires no answer of NCO.

27. The allegations in ¶ 27 of the Complaint state a legal conclusion and/or a legal proposition that requires no answer of NCO.

28. NCO denies the allegations in ¶ 28 of the Complaint as stated. By way of further answer, NCO avers, on the basis of its records: (a) that in May 2010 it obtained plaintiff's credit report from Trans Union for a permissible purpose as defined by the FCRA; and (b) that in December 2010, NCO did not request Plaintiff's credit report again but at that time Trans Union sent NCO an update to Plaintiff's credit file.

29. NCO denies the allegations in ¶ 30 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof. [There is no ¶ 29 in the Complaint.]

30. NCO denies the allegations in ¶ 31 of the Complaint.

31. To the extent that the allegations in ¶ 32 of the Complaint state factual allegations, NCO denies those allegations. To the extent that the allegations in ¶ 32 state a legal proposition and/or a legal conclusion, they require no answer of NCO.

AND NOW, in further response to the Complaint, NCO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against NCO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

NCO denies any liability but avers that, regardless of liability, Plaintiff has suffered no actual damages as a result of NCO's alleged violations.

## THIRD AFFIRMATIVE DEFENSE

In the alternative, NCO avers that any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by Plaintiff, was directly and proximately caused and/or contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by NCO.

## FOURTH AFFIRMATIVE DEFENSE

In the alternative, NCO avers that, to the extent that Plaintiff has sustained actual damages proximately caused by NCO, which NCO expressly denies, Plaintiff has failed to mitigate those damages reasonably.

WHEREFORE, Defendant NCO Financial Systems, Inc. requests that the Court dismiss this action with prejudice and grant it all further and necessary relief that the Court deems appropriate.

Date:  February 27, 2013               Respectfully Submitted:

/s/ Erin O.Millar
Erin O. Millar (Bar No. 28325)
WHITEFORD, TAYLOR & PRESTON, LLP
7 St. Paul Street
Baltimore, MD 21202
Telephone:  410.659.6424
Facsimile:  410.234.2377
E-mail:  emillar@wtplaw.com
*Attorney for Defendant*
*NCO Financial Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2013 a copy of the foregoing **DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system, which will send notification of such filing electronically to counsel of record. Parties may access this filing through the court's system. I further certify that a copy of the foregoing **DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was also sent via U.S. First-Class Mail, postage prepaid, on February 27, 2013to:

Glinda F. Harris
Plaintiff *Pro Se*
7306 Prince George Road
Pikesville, MD  21207

/s/ Erin O.Millar
Erin O. Millar (Bar No. 28325)