FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 1 2 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GLINDA F. HARRIS** ) | |
| 7306 Prince George Road ) | |
| Pikesville, Maryland 21207 ) | |
| *Plaintiff* ) | Case No. __1:13-cv-00259-RDB__ |
| vs ) | |
| **NCO FINANCIAL SYSTEMS** ) | |
| 507 Prudential Road ) | |
| Horsham, Pennsylvania 19044 ) | Judge __Richard D. Bennett__ |
| *Defendant* ) | |
| ) | **Trial by Jury Demanded** |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, Glinda F. Harris asks the Court to deny Defendant's request for dismissal and states as follows:

### INTRODUCTION

1. Plaintiff is Glinda F. Harris; Defendant is NCO FINANCIAL SYSTEMS.

2. Plaintiff sued Defendant for violations of the FCRA in obtaining Plaintiff's credit report on three different occasions; January 17, 2010, May 20, 2010 and December 2, 2010 without a permissible purpose.

3. Defendant has filed an answer and request the court dismiss the action with prejudice.

4. Plaintiff files this response asking to court deny Defendant's request for dismissal.

## ARGUMENT

5. When considering Defendant's request, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. In *re Stac Elecs. Sec. Litig.*, 89F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's request. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule the Defendant's request.

6. In this case, Plaintiff alleges a cause of action for violation of the FCRA. The elements are:
    a. That NCO obtained Plaintiff's credit report from Experian on January 17, 2010 and from Trans Union on May 20, 2010 and December 2, 2010 without a permissible purpose.
    b. That Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, received a bona fide offer of credit from the Defendant that would have given them permissible purpose to obtain Plaintiff's credit report.
    c. The Plaintiff never gave her consent for the Defendant to obtain her credit report from any agency at any time.

7. Plaintiff is not aware of, nor as the Defendant identified <u>AT ANY TIME</u>, what account if any, that gave the Defendant references in their answer as "Giving them a permissible purpose" to obtain Plaintiff's credit report and any information to identify whether said alleged account was

Memorandum in Opposition to Defendant's Answer
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21207 | 443-324-7977 | glindaharris6@gmail.com

2

the type of account as defined by the FCRA that could give the Defendant permissible purpose even <u>if it existed.</u>

8. Defendant has made nothing more than generic statements in its answer such as in ¶18 NCO avers, on the basis of its records, that in January 2010 NCO obtained plaintiff's credit report from Experian for a permissible purpose as defined by the U.S. Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. There is no information provided in their argument as to what portion of the FCRA gave them a permissible purpose to acquire the Plaintiff's credit report, or how it even relates to the Plaintiff in any manner.

9. Defendant has made nothing more than generic statements in its answer such as in ¶28 NCO avers, on the basis of its records, that in May 2010 NCO obtained plaintiff's credit report from Trans Union for a permissible purpose as defined by the U.S. Fair Credit Reporting Act FCRA, and that in December 2010, NCO did not request the Plaintiff credit report again but at that time, Trans Union sent NCO an update to Plaintiff's credit file. There is no information provided in their argument as to what portion of the FCRA gave them a permissible purpose to acquire the Plaintiff's credit report, nor as to why Trans Union would send them an updated report or how it even relates to the Plaintiff in any manner.

10. In response to Defendant's first affirmative defense that states the Plaintiff's complaint fails to state a claim against NCO upon which relief can be granted. To survive this, a claimant must state "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff sufficiently alleged facts necessary to prove each element if her cause of action and the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff.

Memorandum in Opposition to Defendant's Answer
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21207 | 443-324-7977 | glindaharris6@gmail.com

3

11. In response to Defendant's second affirmative defense that states that Plaintiff has suffered no damages as a result of NCO's alleged violations. No existence of ownership or has any information been documented and/or established through evidence, in any manner, by the Defendant that could possibly give them permissible purpose to have obtained Plaintiff's credit report. The fact is precisely what the Plaintiff alleges in her claim for damages.

12. In response to Defendant's third affirmative defense that states that any damage or detriment suffered by Plaintiff, was directly and proximately caused and/or contributed by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of the Plaintiff and not by NCO. There is no information provided in their argument as to what portion of the FCRA gave them a permissible purpose to acquire the Plaintiff's credit reports, or how it even relates to the Plaintiff in any manner. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit reports and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit reports and therefore Plaintiff is entitled to damages.

13. In response to Defendant's fourth affirmative defense that states Plaintiff failed to mitigate those damages reasonably. Plaintiff attempted to mitigate damages on several occasions. A Notice of Intent to Sue was sent to NCO regarding their action of obtaining Plaintiff's consumer credit reports with no permissible purpose. Said notice was sent by certified mail # 70093410000203218961 and received on July 18, 2012 according to USPS records. Plaintiff had correspondence with Sessions, Fishman, Nathan & Israel, L. L. C.; Defendant's counsel,

Memorandum in Opposition to Defendant's Answer
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21207 | 443-324-7977 | glindaharris6@gmail.com

4

regarding NCO's violations via Email and submitted a Notice of Pending lawsuit and was alerted that NCO was not willing to resolve the matter pre-litigation.

## CONCLUSION

14. Because Plaintiff's factual allegations support a claim upon which relief can be granted, the Court should deny Defendant's request for dismissal and retain the case on the Court docket. In the alternative, if the court determines that Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the complaint.

WHEREFORE, because the Defendant has not shown that the Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff respectfully requests the Court deny the Defendant's request to dismiss the action with prejudice and allow the Plaintiff's claim to move forward to trial on the merits.

Respectfully submitted,

Glinda F. Harris
7306 Prince George Road
Pikesville, Maryland 21207
(443) 324-7977
glindaharris6@gmail.com

Memorandum in Opposition to Defendant's Answer
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21207 | 443-324-7977 | glindaharris6@gmail.com

5

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS.

Erin O. Millar
WHITEFORD, TAYLOR & PRESTON, LLP
7 St. Paul Street
Baltimore, MD 21202
*Attorney for Defendant*
*NCO Financial Systems, Inc.*

Memorandum in Opposition to Defendant's Answer
Glinda F. Harris | 7306 Prince George Road, Pikesville, Maryland 21207 | 443-324-7977 | glindaharris6@gmail.com

6