IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLINDA F. HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-0259 |
| NCO FINANCIAL SYSTEMS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The Plaintiff Glinda F. Harris, proceeding *pro se*, asserts claims against the Defendant NCO Financial Systems ("Defendant" or "NCO")[1] for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Pending before this Court is Defendant's Motion for Summary Judgment ("Motion") (ECF No. 14). The parties' submissions have been reviewed and no hearing is deemed necessary.[2] *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion (ECF No. 14) is GRANTED.

### BACKGROUND

The facts of this case are largely uncontested. Defendant NCO is a debt collector that purchased and was assigned a delinquent Sears credit card account in the name of the Plaintiff Glinda Harris ("Sear Account") in the amount of $359.14. Affidavit of Michael Noah ¶ 8, ECF No. 14-2; Affidavit of Anthony Albanese ¶ 10, ECF No. 17-1. As part of its

---

[1] The *pro se* Plaintiff has named NCO Financial Systems as the Defendant, which is formally known as NCO Financial Systems, Inc.
[2] Also pending is the unopposed Motion for Leave of the Court to File Sur-Reply of Plaintiff Glinda F. Harris to Doc. 17 (ECF No. 19). This Motion is hereby GRANTED, and this Court has considered the Plaintiff's Surreply (ECF No. 19-1).

efforts to collect on the Sears Account, NCO obtained Plaintiff's consumer credit report from Trans Union, one of the three major credit reporting agencies. Noah Aff. ¶ 9; Albanese Aff. ¶ 13. Thereafter, NCO placed the Plaintiff's Sears Account in a "trigger program," which sent updates of the Plaintiff's credit file to NCO. Noah Aff. ¶ 10. Harris alleges that NCO obtained her credit report from Trans Union on two occasions.[3] Compl. ¶ 28.

Defendant NCO also resells credit information to subscribers, pursuant to 15 U.S.C. § 1681a(u), under the trade name NCO Credit Services. Noah Aff. ¶ 5. As part of its credit information reselling business, NCO provided one of its subscribers, Five Star Mortgage, LLC ("Five Star"), a facility through which to pre-qualify consumers for mortgage loans. Affidavit of Michael Brown ¶ 6, ECF No. 14-3. NCO and Five Star were parties to a subscriber agreement in which Five Star warranted that would comply with the FCRA. *Id.* ¶ 8. Through NCO, Five Star obtained the Plaintiff's credit report from Experian, another of the major credit reporting agencies.[4] *Id.* ¶ 9; Supplemental Affidavit of Michael Brown ¶ 4, ECF No. 17-6 Ex. 1. When the Plaintiff accessed her credit report, she could only see that NCO, not Five Star, obtained the report from Experian. Brown Aff. ¶ 10; Pl.'s Opp. ¶ 21. The Plaintiff alleges that she never had any business dealings with NCO and did not give NCO her consent to obtain her credit score. Compl. ¶¶ 17, 20.

---

[3] Although there is disagreement as to the exact dates on which NCO obtained Ms. Harris's credit reports, those facts are immaterial to the question of whether any action by the Defendant was a violation of the FCRA.

[4] Equifax is the third. Again, the exact date upon which the Plaintiff's credit information was accessed is immaterial to this case.

In a Complaint filed in this Court, the Plaintiff asserts two counts of violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, alleging that the Defendant obtained her credit report without her consent and for no permissible purpose. (ECF No. 1.) The Defendant moved for summary judgment as a matter of law. (ECF No. 14.)

STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party, but only if there is a "genuine" dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). This Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. A party opposing summary judgment must "do more than simply show that there is some

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

This Court has noted that, "[a]lthough *pro se* litigants are to be given some latitude, the above standards apply to everyone." *Smith v. Vilsack*, 832 F. Supp. 2d 573, 580 (D. Md. 2011). Accordingly, "even a *pro se* litigant may not avoid summary judgment by relying on bald assertions and speculative arguments." *Id.* (citations omitted).

ANALYSIS

The Plaintiff alleges that NCO violated the Fair Credit Reporting Act by accessing her credit reports without her consent and without a permissible purpose. Because each instance in which her credit reports were accessed was for a permissible purpose, the Defendant is entitled to judgment as a matter of law on both of the Plaintiff's claims.

**I.     Count I**

Defendant argues that it is entitled to judgment as a matter of law on Count I because it accessed Harris's credit report for the permissible purpose of collecting on a credit card debt—the Sears Account. The Plaintiff argues that NCO has not presented sufficient evidence to show that she owned the Sears Account, and that collection of a delinquent credit card account is not a permissible purpose under the FCRA.

In order to withstand a motion for summary judgment, the nonmoving party must do more than create some metaphysical doubt as to the facts. *Matsushita*, 475 U.S. at 586. Even

4

granting the Plaintiff in this case wide latitude in light of her *pro se* status, she has not met this burden. Ms. Harris does not deny that she owned the Sears Account, that there was a delinquent balance, or the amount of that delinquent balance, but she still argues that the Defendant has not adduced sufficient evidence that the account existed. Contrary to Harris's contention, however, NCO provided affidavits from a qualified witness and accompanying exhibits that demonstrate that there was a delinquent Sears credit card account in the Plaintiff's name.[5] The evidence establishes that Harris was the owner of the delinquent Sears Account at issue.

Pursuant to the FCRA, a credit reporting agency is authorized to release a credit report to a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A); *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1275-76 (D. Md. 1996), *aff'd*, 131 F.3d 135 (Table), 1997 WL 753322 (4th Cir. 1997), *cert. denied*, 523 U.S. 1118 (1998) (holding that § 1681b applies to credit reporting agencies and to users of those reports). In this case, the evidence shows that NCO was engaged in the collection of Ms. Harris's Sears Account. As this Court has clearly held, collection of a debt is a permissible purpose. *Korotki*, 931 F. Supp. at 1276. Thus, NCO was allowed under the FCRA to access

---

[5] The Plaintiff attempts to attack the sufficiency of the evidence attached to the Defendant's submissions. Her arguments are without merit. Although Harris argues that the affidavits submitted by the Defendants are unauthenticated, they are executed and notarized. In addition, the Plaintiff's hearsay arguments do not apply. The affidavits are based on personal knowledge gained by a review of the relevant records. It is of no moment that the affiants did not state whether they worked for their respective companies during the time that the Plaintiff's credit reports were obtained. Finally, the Plaintiff's account statements presented by the Defendants would be admissible as business records under Federal Rule of Evidence 803(6).

Harris's credit report regardless of whether she had any dealings with NCO or consented to NCO's obtaining her credit information. *See Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 449 (E.D. Va. 2009) (consumer's consent is not a prerequisite to obtaining a credit report).

The Plaintiff argues that her delinquent credit card account is not an "account" under the FCRA. 15 U.S.C. § 1681a(r)(4). The Plaintiff's argument has been universally rejected by every court that has directly addressed it. *Fritz v. Capital Mgmt. Servs., LP*, No. 2:12-cv-1725, 2013 WL 4648370, at *5 (W.D. Pa. Aug. 29, 2013) (citing *Jagos v. Law Firm of Allen C. Smith, PC*, No. 12-13206, 2013 WL 3895454, at *4 (E.D. Mich. July 29, 2013); *Demaestri v. Asset Acceptance Capital Corp.*, No. 11-cv-01671-72-WJM-MJW, 2012 WL 1229907, at *5 (D. Colo. Mar. 14, 2012),*report and recommendation adopted by* 2012 WL 1229940 (D. Colo. Apr. 12, 2012); *Pyle v. First Nat'l Collection Bureau*, No. 12-00288-AWI-SKO, 2012 WL 5464357, at *6 (E.D. Cal. Nov. 8, 2012)). The FCRA takes its definition of the term "account" from the Electronic Fund Transfer Act, which provides:

> The term account means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open credit plan as defined in section 1602(i) of this title), as described in the regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not describe an account held by a financial institution pursuant to a bona fide trust agreement

15 U.S.C. § 1693a(2). The FCRA "clearly contemplate[s] that the term 'account' encompasses credit card accounts." *Fritz*, 2013 WL 4648370, at *5. It would not make sense for a statute, the stated purpose of which is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for *consumer credit*," to be inapplicable to consumer credit cards. *Id.* (citing 15 U.S.C. § 1681) (emphasis in *Fritz*).

6

The Plaintiff's delinquent credit card was clearly an "account" for purposes of permissible collection activity. The Defendant was, pursuant to the FCRA, permitted to obtain the Plaintiff's credit report from Trans Union in efforts to collect the Sears Account. Therefore, NCO is entitled to judgment as a matter of law on Count I.

## II. Count II

NCO also correctly notes that it is entitled to summary judgment on Count II for two reasons: (1) that Five Star, not NCO, obtained Harris's credit report from Experian; and (2) that whoever obtained the credit report did so for a permissible purpose. First, the unrebutted evidence shows that it was Five Star that obtained the credit report, albeit through NCO. More importantly, irrespective of who was actually behind the inquiry, Harris's credit report was obtained from Experian for an FCRA-permissible purpose involving the extension of credit to Harris. The evidence shows that pursuant to the subscriber agreement, Five Star represented to NCO that the credit reporting facility would be used for the purpose of pre-qualifying consumers for mortgages. NCO was entitled to rely on Five Star's representation that the inquiry as to Harris's credit report was in fact for a permissible purpose under the FCRA. *Korotki*, 931 F. Supp. at 1276 ("[S]o long as a user has a reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA.").

The Plaintiff urges this Court to consider the possibility that, despite the evidence to the contrary, her credit report was not obtained from Experian in connection with a mortgage loan inquiry. "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."

*Scott v. Harris*, 550 U.S. 372, 378 (2007). The Defendant has submitted ample evidence that it was a party to a subscriber agreement for the purpose of pre-qualifying consumers for mortgage loans. Brown Supp. Aff. ¶ 4 & Exs. 1-2. The Defendant is not, as Harris argues, required to provide the individual explicit request from Five Star to obtain her credit report. As noted, despite her *pro se* status, the Plaintiff cannot avoid summary judgment by relying on speculation and conjecture. In the face of the documentation provided by the Defendant in this case, there is no genuine dispute as to the fact that the Plaintiff's Experian credit report was obtained for a permissible purpose. Accordingly, the Defendant is entitled to judgment as a matter of law on Count II.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 19) is GRANTED and the Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED.

A separate Order follows.


Dated: December 23, 2013                          /s/
                                        Richard D. Bennett
                                        United States District Judge